UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 02-50198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON BATES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-01-CR-339-1)

December 5, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aaron Bates appeals his guilty-plea conviction and 71-month sentence for assault with a deadly weapon. He contends his trial counsel was ineffective. He also asserts the district court erred: during the FED. R. CRIM. P. 11 plea colloquy; in denying a motion to withdraw the guilty plea and in calculating his sentence under the Guidelines.

The record is inadequate to resolve Bates' ineffective-assistance-of-counsel claim; we, therefore, decline to review it on

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

direct appeal.  *E.g.,* **United States v. Higdon**, 832 F.2d 312, 314 (5th Cir. 1987), *cert. denied* 484 U.S. 1075 (1988).

Bates made no objection to errors during the FED. R. CRIM. P. 11 colloquy.  Based on the record as a whole, he has not demonstrated any of the asserted errors affected his substantial rights.  *See* **United States v. Vonn**, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002).  Further, the district court did not abuse its discretion in denying Bates' motion to withdraw his guilty plea.  Bates filed the motion because the Government sought to increase Bates' offense level for obstruction of justice and requested an upward departure, but the district court denied both requests.  *See* **United States v. Grant**, 117 F.3d 788, 789 (5th Cir. 1997).

With respect to the sentencing error, raised for the first time on appeal, Bates does not request resentencing; rather, he raises the issue to support his contention that his conviction should be vacated and his plea withdrawn.  Bates makes no showing of plain error.  *See* **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*), *cert. denied* 513 U.S. 1196 (1995).

*AFFIRMED*